UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BADGER MUTUAL INSURANCE COMPANY,

Plaintiff,

v

SMITTY'S INC. OF FELCH MI d/b/a SOLBERGS BAR AND SUPPER CLUB,

Defendant.

Case no. 2:25-cv-
Hon.

DAVID J. BERKAL (P39098)
THE BERKAL LAW FIRM, PLLC
Attorney for Plaintiff
169 W. Clarkston Rd., Ste. 400
Lake Orion, MI 48362
(248) 552-1900
dberkal@berkallaw.com
Asst: sserra@berkallaw.com

## COMPLAINT

Plaintiff, Badger Mutual Insurance Company, by and through its attorneys, The Berkal Law Firm, PLLC, files this Complaint against Defendant Smitty's Inc. of Felch MI d/b/a Solbergs Bar and Supper Club, and states as follows:

## NATURE OF THE ACTION

1. This is a cause of action for (1) appointment of an umpire; and (2) to properly limit the scope of appraisal and/or (3) to determine the existence and/or limitation of coverage. The dispute arises out of the parties inability, through their respective appointed appraisers, to identify an umpire; the inability to identify the scope of appraisal and/or the necessity to determine

coverage issues in connection with a loss which damaged Defendant's business located at N7521 Calumet Mine Road, Dickinson County, Felch, Michigan 49831 on April 23, 2024.

**THE PARTIES**

2. Plaintiff Badger Mutual Insurance Company (hereinafter "Badger Mutual"), at all relevant times, is a foreign corporation licensed to insure property, both real and personal, within the State of Michigan.

3. Defendant, Smitty's Inc., of Felch MI d/b/a Solbergs Bar and Supper Club (hereinafter "Smitty's"), is a Michigan corporation with its resident agent identified as Robert Smith, W6521 Groveland Vine Road, Felch, Michigan 49831.

**JURISDICTION AND VENUE**

4. The amount in controversy, according to Defendant's claims, exceeds $75,000.00.

5. Jurisdiction is proper in this Court based on diversity of citizenship pursuant to 28 USC Sec. 1332.

6. Venue is proper under 28 USC 1391(B)(2) because a substantial part of the events giving rise to this claim occurred in this District and the property that is the subject of the action is located in District.

**FACTS**

7. Prior to April 23, 2024, Plaintiff issued its policy, policy number 00744-99035, subject to all of its terms, forms, conditions and endorsements to Smitty's Inc. The policy was effective from March 21, 2024 through March 21, 2025 and provide coverage for the property located N7521 Calumet Mine Road, Dickinson County, Felch, Michigan 49831 (**Exhibit 1, Policy of Insurance**).

8. On April 30, 2024, Defendant filed a claim with the Plaintiff in connection with a fire which reportedly damaged the insured property on April 23, 2024.

9. Between April 30, 2024 and December 30, 2024, Plaintiff attempted to adjust and properly pay the portion of Defendant's claims covered under the subject policy of insurance.

10. Despite numerous requests, Defendant failed and refused to provide requested documentation in connection with several components associated with its loss including the loss of business income, exterior damage to masonry and interior water damage.

11. The ongoing adjustment preceded pursuant to Reservation of Rights letters dated June 6, 2024; August 6, 2024 and September 30, 2024 which outlined, in pertinent part, conditions precedent to recovery under the subject policy. (**Exhibit 2, June 6, 2024 Reservation of Rights letter); (Exhibit 3, August 6, 2024 Reservation of Rights letter**); (**Exhibit 4, September 30, 2024 Reservation of Rights letter**).

12. On December 30, 2024, given the inability to obtain documentation and/or reach an agreed figure with respect to fire damages to the roof of the insured's property, Plaintiff invoked the appraisal clause of the policy. (**Exhibit 5, December 30, 2024, correspondence from Plaintiff to Defendant**).

13. With respect to the invocation of the appraisal the policy, the policy provides, in pertinent part, as follows:

> In addition to the policy terms which are contained in other sections of the commercial property coverage, the following conditions apply.
>
> 1. **Appraisal**-if **you** and **we** do not agree on the amount of the loss or the actual cash value of covered property, either party may demand that these amounts be determined by appraisal.
>
>    If either makes a written demand for appraisal, each selects a competent, independent appraiser and notifies the other of the appraiser's identity within twenty days of receipt of the written demand. The two appraisers

> then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within fifteen days, **you** or **we** can ask a judge of a court of record in the state where the property is located to select an umpire.
> The appraisers then determine and state separately the amount of each loss.
>
> The appraisers also determine the actual cash value of covered property items at the time of the loss, if requested.
>
> A written agreement is binding on all parties. If the appraisers fail to agree within a reasonable time, they submit only their differences to the umpire. Written agreement so itemized and signed by any two of these three is binding on all parties.
>
> Each appraiser is paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire is paid equally by **you** and **us**.
>
> If there is an appraisal, we retain our right to deny the claim.
>
> (**Exhibit 1**, p 38 of 98, form CP 12 Ed. 1.0 (pg 7 of 8)).

14. In its December 30, 2024 correspondence to Defendant, with respect to the roof damage, Plaintiff identified Paul Curtis, PRC Specialties, as its appraiser. (**Exhibit 5**).

15. In its December 30, 2024 correspondence, Plaintiff specifically identified the scope of the appraisal and confirmed that issues associated with the loss of business income, exterior damages to masonry and interior water damage were not appraisable given the lack of cooperation associated with requests for information including submission of materials requested on December 3, 2024 by Jessica Schultz, CPA (Insight Forensic Accountants), exterior damages to masonry and interior water damages as requested by Plaintiff through its independent adjuster, Jake Mangen, commencing on May 8, 2024. (**Exhibit 5**)

16. On January 22, 2025, without identifying its appraiser, Defendant directed correspondence to Plaintiff which included a repair estimate from its building contractor and self-appointed representative, Joseph Lafayette of Lakeside Builders United, LLC, in the amount of

$573,660.00 together with a general demand for appraisal without identification of an appraiser. (**Exhibit 6, January 22, 2025, letter from Defendant to Plaintiff**).

17. In a February 7, 2025 email, Defendant's self-declared representative and contractor, Joseph Lafave, was identified as Defendant's allegedly independent appraiser.

18. Between February 7, 2025 and the present, the respective appraisers have been unable to select a competent and impartial umpire. This proposition is true despite the suggestion by Plaintiff of several retired Judges including David Groner (retired Wayne County Circuit Court); Amy Hathaway (retired Wayne County Circuit Court) and Dan Ryan (retired Wayne County Circuit Court).

19. In addition, despite the failure to comply with conditions precedent to recovery with respect to several components of its claim, Defendant appears insistent on submitting all issues, including those subject to coverage disputes, to appraisal. Because coverage issues are not subject to appraisal, the components of Plaintiff's claim subject to non-cooperation including, but not limited to, loss of business income, exterior damage to masonry and interior water damage are not appraisable.

20. Under the circumstances, Plaintiff seeks (1) the appointment of an umpire; (2) a determination with respect to the scope of the appraisal; and/or (3) a determination of coverage second to Defendant's failure to cooperate and Plaintiff's effort to adjust the claim.

**COUNT I – (APPOINTMENT OF UMPIRE)**

21. Plaintiff realleges and incorporates by reference its answers to paragraphs one through twenty-five of Plaintiff's Complaint as if set forth herein verbatim.

22. Pursuant to the subject policy of insurance, to the extent there is a disagreement on "the amount of the loss or the actual cash value of covered property," either party may demand

appraisal, identify its appraiser and, if necessary submit the dispute to a competent and impartial umpire.

23. To date, Plaintiff's appraiser has been unable to reach an agreement with Defendant's contractor/appraiser with respect to an umpire to determine the value of appraisable issues.

24. Pursuant to the terms of the policy and MCL 500.2833, Plaintiff respectfully requests this Court to appoint an umpire for all proceedings associated with the appraisal process.

**COUNT II – SCOPE OF APPRAISAL**

25. Plaintiff realleges and incorporates by reference its answers to paragraphs one through twenty-nine of Plaintiff's Complaint as if set forth herein verbatim.

26. Only disagreements associated with "the amount of the loss or the actual cash value of covered property" is appraisable.

27. Coverage issues are not appraisable and, as a result, must be decided by a court.

28. At present, the only dispute "on the amount of the loss or the actual cash value of covered property" relates to roof damage.

29. Any other issues associated with the adjustment process are subject to coverage issues which arise pursuant to the terms, forms, conditions and endorsements contained within the policy. Specifically, the policy provides, in pertinent part, as follows: "WHAT MUST BE DONE IN CASE OF LOSS"

> 1. Notice - In case of a loss, you must:
> a. give us or our agent prompt notice including a
> description of the property involved (we may request written notice);
> b. give notice to the police when the act that causes the loss is a crime; and
> c. give notice to the credit card company if the loss involves a credit card.
>
> 2. Protect Property -- You must take all reasonable steps to protect covered property at and after an insured loss to avoid further loss. We pay the reasonable

costs incurred by you for necessary repairs or emergency measures performed solely to protect covered property from further damage by a covered peril if a covered peril has already caused a loss to covered property. However, we do not pay for such repairs or emergency measures performed on property which has not been damaged by a covered peril. This does not increase our limit.

3. Proof of Loss - You must send us, within 60 days after our request, a signed, sworn proof of loss. This must include the following information:
a. the time, place, and circumstances of the loss;
b. other policies of insurance that may cover the loss;
c. your interest and the interests of all others in the property involved, including all mortgages and
liens;
d. changes in title or occupancy of the covered property during the policy period
e. detailed estimates for repair or replacement of covered property;
f. available plans and specifications of buildings or structures;
g. detailed estimates of any covered loss of income and expenses; and
h. an inventory of damaged and undamaged covered personal property showing in detail the quantity, description, cost, actual cash value, and amount of the loss. You must attach to the inventory copies of all bills, receipts, and related documents that substantiate the inventory. An inventory of undamaged personal property is not required if the total claim for a loss is less than $10,000 and less than five percent of the total limit.

4. Examination Under Oath - You must submit to examination under oath in matters connected with the loss as often as we reasonably request and give us sworn statements of the answers.
If more than one person is examined, we have the right to examine and receive statements separately and not in the presence of the others.

5. Records -- You must produce records, including tax returns and bank microfilms of all cancelled checks, relating to value, loss, and
expense and permit copies and extracts to be made of them as often as we reasonably request.

6. Damaged Property -- You must exhibit the damaged and undamaged property as often as we reasonably request and allow us to inspect or take samples of the property.

7. Volunteer Payments -- You must not, except at your own expense, voluntarily make any payments assume any obligations, pay or offer any rewards, or incur any other expenses except as respects protecting property from further damage.

8. Abandonment -- We do not have to accept any abandonment of property.

9. Cooperation - You must cooperate in performing all acts required by the Commercial Property Coverage.

(CP-12 Ed 1.0 at pages 4-5).

30. Under the circumstances, because Defendant has failed to comply with conditions precedent by its failure to produce requested documentation in support of its claim, the scope of appraisal must be limited to those issues which do not present questions of coverage.

**COUNT III – DETERMINATION OF COVERAGE**

31. Plaintiff realleges and incorporates by reference its answers to paragraphs one through thirty-five of Plaintiff's Complaint as if set forth herein verbatim.

32. During the course of its adjustment, Plaintiff directed multiple Reservation of Rights letters to Defendant dated June 6, 2024, August 6, 2024 and September 30, 2024 which outlined, in pertinent part, the conditions precedent to recovery pursuant to the terms, forms, conditions and endorsements contained within the policy. (**Exhibits** 2-4).

33. During the course of the adjustment process, Defendant has failed to cooperate in Plaintiff's efforts to obtain compliance with conditions precedent to recovery including, but not limited to, the production of proper documentation in support of its claim.

34. Because Defendant has failed to comply with conditions precedent to recovery, those components of the claim impacted by its failure to cooperate are not subject to appraisal and should be dismissed.

35. Because the failure to cooperate with conditions precedent to recovery appears to have been willful, a dismissal of the components of Defendant's claim which have been directly impacted by its failure to comply with conditions precedent to recovery should be dismissed with prejudice.

Wherefore, Plaintiff respectfully requests this Court to (1) appoint a competent and impartial umpire to address disputes arising out of the appraisable components of Defendant's

claim; (2) determine the scope of appraisal; and/or (3) dismiss, with prejudice, those components of Defendant's claim which violate the conditions precedent to recovery under the subject policy of insurance.

THE BERKAL LAW FIRM, PLLC

By: *David J. Berkal*
DAVID J. BERKAL (P39098)
Attorney for Plaintiff
169 W. Clarkston Rd., Ste. 400
Lake Orion, MI 78362
(248) 552-1900
dberkal@berkallaw.com

Date: April 24, 2025